UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BIVIESCAS, | No. 2: 16-cv-0451 KJN P |
| Plaintiff, | |
| v. | ORDER |
| NICK DOAN, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1  In reviewing a complaint under this standard, the court must accept as true the allegations of the
2  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
3  favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
4  grounds, Davis v. Scherer, 468 U.S. 183 (1984).
5      Named as defendants are Davis Police Officer Doane and Yolo County District Attorney
6  Hamilton. Plaintiff alleges that he has been wrongly charged with murder. Plaintiff alleges that
7  defendant Doane conducted a reckless investigation and provided "erroneous" facts to the
8  prosecutors, either deliberately or in reckless disregard of the truth. Plaintiff alleges that
9  defendant Hamilton is prosecuting plaintiff despite the existence of exculpatory evidence.
10  Plaintiff requests money damages and the dismissal of all criminal charges.
11      Claims for monetary damages against prosecutors are barred by absolute prosecutorial
12  immunity. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). This immunity applies to conduct
13  "intimately associated with the judicial phase of the criminal process," protecting prosecutors
14  when performing traditional activities related to the initiation and presentation of criminal
15  prosecutions. Id. at 430-31; accord Botello v. Gammick, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]t
16  is well established that a prosecutor has absolute immunity for the decision to prosecute a
17  particular case[.]") As a result, allegations of, for example, malicious prosecution, conspiracy to
18  predetermine the outcome of a proceeding, or destruction of evidence are subject to dismissal on
19  grounds of prosecutorial immunity. See, e.g., Milstein v. Cooley, 257 F.3d 1004, 1008-09 (9th
20  Cir. 2001) (noting that prosecutorial immunity covers claims of the knowing use of false
21  testimony at trial, malicious prosecution, and suppression of exculpatory evidence); Ashelman v.
22  Pope, 793 F.2d 1072, 1078 (9th Cir. 1986). ("[A] conspiracy between judge and prosecutor to
23  predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not
24  pierce the immunity extended to judges and prosecutors.").
25      Plaintiff challenges defendant Hamilton's decision to prosecute plaintiff on grounds that
26  there was not sufficient evidence. Defendant Hamilton is entitled to absolute immunity based on
27  this claim.
28  ////

Defendant Doane is entitled to qualified immunity for claims based on his involvement in the investigation of the charges against plaintiff. See Buckley v. Fitzsimmons, 509 U.S. 259, 273-274 & n. 5 (1993). However, plaintiff does not describe in any detail defendant Doane's conduct which allegedly violated his constitutional rights. For example, plaintiff does not identify the allegedly erroneous information defendant Doane provided to prosecutors which led to plaintiff's prosecution. Accordingly, plaintiff's claims against defendant Doane are dismissed with leave to amend on grounds that they are vague and conclusory.

To the extent plaintiff seeks the dismissal of the pending criminal charges, this request for relief is barred by the doctrine of Younger abstention. See Younger v. Harris, 401 U.S. 37, 45-46 (1971). See also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994), cert. denied, 516 U.S. 806 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987) (Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from, and the case concluded in the state courts. Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972). See Carden v. Montana, 626 F.2d 82, 83–84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate; for example, where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. Younger v. Harris, 401 U.S. at 46, 53–54.

Plaintiff has not demonstrated that extraordinary circumstances exist justifying federal court intervention in his ongoing state court criminal prosecution.

Accordingly, for the reasons discussed above, plaintiff's complaint is dismissed. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about

4

which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Yolo County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

1  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
2  Failure to file an amended complaint in accordance with this order may result in the dismissal of
3  this action.
4  Dated: March 17, 2016

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bov451/14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BIVIESCAS,<br><br>    Plaintiff,<br><br>v.<br><br>NICK DOANE, et al.,<br><br>    Defendants. | No. 2: 16-cv-0451 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____      Amended Complaint
DATED:

    _____
    Plaintiff

7