1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARLOS BIVIESCAS,                          No.  2:  16-cv-0451 KJN P

12                  Plaintiff,

13        v.                                     ORDER

14   NICK DOAN, et al.,

15                  Defendants.

16

17          Plaintiff is proceeding without counsel with a civil rights action pursuant to 42 U.S.C. §

18   1983.  Plaintiff consented to the jurisdiction of the undersigned.  (ECF No. 6.)  On March 18,

19   2016, the undersigned dismissed plaintiff's complaint with leave to amend.  (ECF No. 4)

20   Pending before the court is plaintiff's amended complaint.  (ECF No. 7.)

21          The only named defendant is Davis Police Officer Doane.  Plaintiff alleges that he

22   (plaintiff) is being prosecuted for a homicide that occurred at a bar in Davis, California on

23   September 19, 2015.  Plaintiff is incarcerated at the Yolo County Jail.  Plaintiff alleges that the

24   incident was recorded on survillence video.  Plaintiff alleges that while the video is exculpatory,

25   defendant Doane provided Yolo County prosecutors with erroneous and incomplete information.

26   Plaintiff alleges that an arrest warrant for plaintiff was issued based on incomplete information

27   provided by defendant Doane.  Plaintiff alleges that he was falsely arrested based on the

28   incomplete information provided by defendant Doane.

1

1    As relief, plaintiff seeks money damages and the dismissal of the pending criminal

2    charges.

3    Under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994), "a § 1983

4    action [for damages] that would call into question the lawfulness of a plaintiff's conviction or

5    confinement is not cognizable[.]"  Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000).

6    Thus, when a criminal defendant files a § 1983 action, courts must "determine whether a

7    judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

8    sentence; if it would, the complaint must be dismissed[.]"  Heck, 512 U.S. at 487.  Conversely, "if

9    the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding

10   criminal judgment against the plaintiff, the action should be allowed to proceed[.]"  Heck, 512

11   U.S. at 487.

12   The prevailing rule in the Ninth Circuit prior to 2007 was that "Heck applies to pending

13   criminal charges, and [therefore] a claim, that if successful would necessarily imply the invalidity

14   of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a

15   conviction in the pending criminal prosecution continues to exist."  Harvey, 210 F.3d at 1014.

16   However, in 2007, the United States Supreme Court rejected the principle that "an action which

17   would impugn an anticipated future conviction cannot be brought until that conviction occurs and

18   is set aside," characterizing that approach as a "bizarre extension of Heck."  Wallace v. Kato, 549

19   U.S. 384, 393 (2007) (emphasis in original).  Nevertheless, the Supreme Court provided the

20   following guidance to district courts:

21   > If a plaintiff files a false-arrest claim before he has been convicted
22   > (or files any other claim related to rulings that will likely be made
> in a pending or anticipated criminal trial), it is within the power of
23   > the district court, and in accord with common practice, to stay the
> civil action until the criminal case or the likelihood of a criminal
24   > case is ended. If the plaintiff is ultimately convicted, and if the
> stayed civil suit would impugn that conviction, Heck will require
25   > dismissal; otherwise, the civil action will proceed, absent some
> other bar to suit.

26   Kato, 549 U.S. at 393–94 (internal citations omitted).

27   Thus, if a judgment for plaintiff on any of his civil claims would "necessarily imply the

28   invalidity of a conviction" on any of the pending criminal charges against him, the court has

2

1    discretion to stay plaintiff's civil action until the resolution of that criminal charge.  Heck, 512

2    U.S. at 487.

3            Plaintiff's false arrest claims against defendant Doane necessarily imply the invalidity of

4    his conviction on the pending charges.  Accordingly, pursuant to Heck and Wallace, plaintiff's

5    claim for damages, based on his false arrest claims, are stayed until the resolution of his criminal

6    charges.

7            Plaintiff also requests dismissal of the pending criminal charges.  As discussed in the

8    March 18, 2016 order, this request for relief is barred by the doctrine of Younger abstention.  See

9    also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994), cert. denied,

10   516 U.S. 806 (1995) (abstention appropriate if ongoing state judicial proceedings implicate

11   important state interests and offer adequate opportunity to litigate federal constitutional issues);

12   World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987)

13   (Younger abstention doctrine applies when the following three conditions exist:  (1) ongoing state

14   judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an

15   adequate opportunity to raise federal questions in the proceedings).

16           Only in the most unusual circumstances is a petitioner entitled to have the federal court

17   intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been

18   appealed from, and the case concluded in the state courts.  Drury v. Cox, 457 F.2d 764, 764–65

19   (9th Cir. 1972).  See Carden v. Montana, 626 F.2d 82, 83–84 (9th Cir.), cert. denied, 449 U.S.

20   1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and

21   immediate; for example, where the state law is flagrantly and patently violative of express

22   constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual

23   circumstances that would call for equitable relief.  Younger v. Harris, 401 U.S. at 46, 53–54.

24           Plaintiff has not demonstrated that extraordinary circumstances exist justifying federal

25   court intervention in his ongoing state court criminal prosecution.  Accordingly, plaintiff's

26   request for judicial intervention in his ongoing criminal proceedings is denied.

27   ////

28   ////

3

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for judicial intervention in his ongoing criminal proceedings is

3   denied;

4        2.  Plaintiff's request for money damages based on his false arrest claim is

5   administratively stayed pending the resolution of plaintiff's criminal charges; plaintiff shall notify

6   the court within thirty days of the resolution of his criminal charges;

7        3.  The Clerk of the Court is directed to administratively close this action.

8   Dated:  April 11, 2016

9

10                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
11

12
    Biv451.sta
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            4